# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JASON WELDON, #310039, | ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:10-1400-DCN-BM ) ) |
| v. | ) ) |
| | ) **REPORT AND RECOMMENDATION** |
| WARDEN JOHN PATE, | ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition is dated May 17, 2010.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 15, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 19, 2010, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

---



[1] Since there is no date on the envelope reflecting when it was delivered to the prison mail room, the undersigned has used the date on the petition for limitations purposes. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1

On November 3, 2010, Petitioner filed a memorandum in opposition to summary judgment. This matter is now before the Court for disposition.²

**Procedural History**

Petitioner was indicted in the March 2005 term of the Orangeburg County Court of General Sessions for Felony DUI (Death) [Indictment No. 05-GS-38-0224]. See Court Docket No. 21-2. Petitioner was represented by Andrew Brown of the Orangeburg County Public Defender's Office. On June 16, 2005, Petitioner waived presentment on a charge of temporary use of a vehicle without consent, and then pled guilty to felony DUI and the temporary use of a vehicle without consent pursuant to a negotiated plea. (R.pp. 1-21). Petitioner was sentenced to concurrent sentences of twelve (12) years for felony DUI and one (1) year for the temporary use of a vehicle without consent charge. (R.p. 33). Petitioner did not appeal his convictions and/or sentences. See Petition, p. 3.

Petitioner filed a pro se Post Conviction Relief Application ("APCR") in state circuit court on January 24, 2006. Weldon v. State of South Carolina, No. 2006-CP-38-0070. See Court Docket No. 21-3. Petitioner raised the following issues in his APCR:

**Ground One:** Ineffective Assistance of Counsel for failure to fully investigate the facts and circumstances surrounding his case;

**Ground Two:** Ineffective Assistance of Counsel in failing to inform him of the results of the chemical test he was subjected to by the police and to discuss a possible defense concerning blood test results and his Fifth Amendment privilege against self-incrimination; and

---

²This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

**Ground Three:** Involuntary guilty plea.

See Petition, p. 3 & attachment.[3]

Petitioner was represented in his APCR by Charles T. Brooks, III, Esquire, and an evidentiary hearing was held on January 11, 2007.[4] See Order of Dismissal in #2006-CP-38-0070 [Court Docket No. 21-5]. At the hearing, Petitioner withdrew his application for relief, and in its subsequent Order of Dismissal dated February 26, 2007[5], the PCR court noted that Petitioner conferred with counsel regarding this decision, that he was "fully satisfied with the services of his appointed attorney in this matter," and that Petitioner's request to withdraw his application was free and voluntary. Id. Petitioner did not appeal the dismissal of his APCR. See Habeas Petition, p. 5.

In this federal habeas corpus petition, Petitioner raises the following issues:

**Ground One:** Ineffective Assistance of Counsel.

**Ground Two:** Involuntary Guilty Plea.

**Ground Three:** Medical Negligence.

**Ground Four:** Illegal Search and Seizure.

See Petition, p. 6-11.

---

[3]The APCR lists his claims as being two (2) issues, but the ineffective assistance of counsel allegation has two claims.

[4]No transcript has been provided. Respondent represents that "[i]n light of Petitioner's voluntary withdraw of his PCR application and the PCR court's order to this effect, no transcript was ordered from this proceeding." See Respondent's Memorandum, p. 3, n. 2.

[5]Petitioner's copy of this order has a filing date on the front of the order of March 13, 2007. It is difficult to discern from the filed copy if this is the state court filing date, as the purpose of the file stamp is illegible.



**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, this entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[6] and runs from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.



> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2). This Petition falls under § 2244(d)(1)(A).

Petitioner's state court convictions became final on June 27, 2005, ten (10) days after he entered his guilty plea and was sentenced.[7] See Rule 203(b)(2), SCACR. By the time Petitioner filed his APCR on January 24, 2006, two hundred and ten (210) days of untolled time had passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR. While the order dismissing Petitioner's APCR is dated February 26, 2007, Plaintiff's copy of this order bears a filing date of March 13, 2007. Therefore, for purposes of this opinion, and out of an abundance of caution, the undersigned has given Petitioner credit for tolled time until that later date. Since Petitioner did not thereafter timely perfect an appeal of the dismissal of his APCR, the dismissal became final for limitations purposes, at the latest, on April 12, 2007.[8] By the time Petitioner then

---

[7]Since ten (10) days after the sentence was imposed was a Sunday, Petitioner's conviction did not become final until the following Monday, June 27th.

[8]Unlike Petitioner's convictions, which do not become final until ten (10) days later when the time to appeal expired [see discussion, supra], it not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending*. See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether



5

filed this action on May 17, 2010, over three years of additional non-tolled time had accrued. Accordingly, Petitioner's current federal habeas petition was filed well outside his one year limitations period, and is therefore subject to dismissal.

## II.

The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely

---

a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days, not ten (10) days. Rule 203(b)(1), SCACR. Since even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given the Petitioner the benefit of tolling the statute for this thirty (30) day period.



filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner makes several arguments for equitable tolling. First, Petitioner contends that he did not receive a letter from his PCR counsel until March 12, 2008 (in response to a letter from the Plaintiff of March 10, 2008), which stated "[p]lease be advised that your case is over". Petitioner argues that he did not understand since he is a lay person and there was nothing from a judge attached. See Petitioner's Exhibit [Court Docket No. 24-1, p. 1]. However, since Petitioner himself voluntarily agreed to dismiss his PCR petition, with prejudice, in court on January 11, 2007, this not a very persuasive argument. In any event, Petitioner concedes that he subsequently received a copy of the judge's order from his former PCR counsel in a letter dated June 22, 2009. See Petitioner's Exhibit [Court Docket No. 24-1, pp. 4-6]. Hence, even assuming arguendo that Petitioner could establish that his time should not be deemed to have started to run until that point[9], over two hundred (200) days of non-tolled time had already passed and Petitioner still did not file his federal petition until almost eleven months later. Although Petitioner contends that he had one year from the date of the PCR dismissal (apparently from when he argues he got a copy of the order) to file this federal habeas petition, that is not the law. The time for filing a federal habeas action does not start over after the conclusion of a Petitioner's collateral review. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

In sum, no basis for equitable tolling is present in these facts. Cf. Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement

---

[9]The undersigned does not find for purposes of this opinion that Petitioner has established entitlement to tolling for this extra time period.



prevented him from filing his motion earlier are insufficient to excuse the delay]. Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230 [Some courts have held that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll].[10] Rather, Petitioner simply failed to timely file this federal petition.

Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other



---

[10]Although Petitioner has attached a letter from an attorney dated September 22, 2009 who he apparently attempted to retain, no reasonable diligence is demonstrated by the inclusion of this letter in Petition's exhibits. Petitioner still waited almost eight (8) more months after receipt of that letter before he filed his federal habeas petition.

grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

### Conclusion

Based on the foregoing, it is recommended that Petitioner's motion for equitable tolling be **denied**, the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 26, 2011

Charleston, South Carolina

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

